## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TREMONE BURNETT,** | **Civil Action No. 20-7569 (KSH)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

This matter has been opened to the Court by Tremone Burnett's amended motion to vacate his conviction and sentence pursuant 28 U.S.C. § 2255. For the reasons below, the Court denies the amended motion and also denies a certificate of appealability.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

On August 20, 2014, Burnett was charged by complaint with seven counts of substantive Hobbs Act robbery. (Crim. No. 16-66, D.E. 1). He was indicted on February 17, 2016 in connection with 14 separate hotel robberies. (*Id.* at D.E. 20.) The Indictment charged Burnett with the following seven Counts:

| Count | Charge | Statute | Conduct |
|---|---|---|---|
| 1 | Conspiracy to Commit Robbery | 18 U.S.C. § 1951(a) | Burnett's robbery of all 14 hotels. |
| 2 | Robbery | 18 U.S.C. § 1951(a) | Burnett's May 9, 2014 robbery of a hotel in Rockaway, New Jersey. |
| 3 | Use of a firearm during a crime of violence | 18 U.S.C. § 924(c)(1)(A)(ii) | Predicate is the robbery charged in Count 2. |
| 4 | Robbery | 18 U.S.C. § 1951(a) | Burnett's May 31, 2014 robbery of a hotel in Weehawken, New Jersey. |

| 5 | Discharge of a firearm during a crime of violence | 18 U.S.C. § 924(c)(1)(A)(iii) | Predicate is the robbery charged in Count 4. |
| 6 | Robbery | 18 U.S.C. § 1951(a) | Burnett's June 15, 2014 robbery of a hotel located in Newark, New Jersey. |
| 7 | Use of a firearm during a crime of violence | 18 U.S.C. § 924(c)(1)(A)(ii) | Predicate is the robbery charged in Count 6. |

(*See id.*)

On July 25, 2018, Burnett and the government signed a plea agreement pursuant to Rule 11(c)(1)(C) in which Burnett would plead guilty to Counts 1 and 5 of the Indictment. The plea agreement required Burnett to admit to conspiring and agreeing with others to rob the 14 hotels and "admit[] under oath at the time of his guilty plea to committing" all 14 armed robberies. (Crim. No. 16-66, D.E. 40 at 2 (Plea Agreement); *see also id.* at 10-12 (Schedule A to Plea Agreement).) In exchange for Burnett's guilty plea and a stipulated sentence of 252 months and five years of supervised release, the government agreed to dismiss the remaining counts of the Indictment and not initiate further charges. (*Id.* at 1-2.)

At his plea hearing on September 12, 2018, Burnett admitted that from April 2014 through June 2014, he conspired and agreed with others to commit armed robberies in and around New Jersey and New York. (D.E. 62 at 23:16-24 (Plea Transcript).) Burnett then admitted that he committed each of the 14 armed robberies by responding affirmatively to questions posed by the Court. (*See id.* at 23:25-28:20.)

At the plea hearing, the government clearly explained that the essential elements of Count 5 were premised on the completed Hobbs Act robbery charged in Count Four:

> The elements of count five, Your Honor, which is a violation of 18 United States Code, Section 924(c)(1)(A)(3) are as follows: The defendant committed the Hobbs Act robbery charged in count four

of the indictment and the defendant knowingly used and discharged a firearm during and in relation to that crime."

(*Id.* at 20:24-21:4.)

Burnett also admitted the facts underlying Count 5 by responding affirmatively to questions posed by the Court:

> THE COURT: On or about May 31, 2014, did you enter and rob a Sheraton hotel located in or around Weehawken, New Jersey.
>
> THE DEFENDANT: Yes.
>
> THE COURT: During the course of that robbery, did you possess and discharge a firearm?
>
> THE DEFENDANT: Yes.

(*Id.* at 25:18-21.)

Toward the end the hearing, the government represented as a further factual basis that if the case had gone to trial, "it would have proven beyond a reasonable doubt that the defendant discharged his firearm during the robbery of a Sheraton Hotel located in or around Weehawken, New Jersey on May 31, 2014." (*Id.* at 29:14-17.)

On December 18, 2018, the Court sentenced Burnett to 252 months imprisonment and five years of supervised release, the stipulated terms set out in the plea agreement. (Crim. No. 16-66, D.E. 45.) The violation of 18 U.S.C. § 1951(a) charged in Count 1, the Hobbs Act conspiracy count, carried a statutory maximum prison sentence of 240 months imprisonment. Count 5, the § 924(c) count, carried a mandatory term of 120 months imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(iii). The term for Count 5 must run consecutive to Count 1. *See* 18 U.S.C. § 924(c)(1)(D)(ii).

On June 11, 2020, Burnett filed a pro se motion under 28 U.S.C. § 2255, and he filed an amended motion on July 3, 2020. (Civ. No. 20-7569, D.E. 1, 3.) Burnett asserted in ground I of the motion that his conviction under Count 5 of the Indictment, charging him with violating 18

3

U.S.C. § 924(c)(1)(a)(iii), is void in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (D.E. 3 at 4.) In ground II, Burnett alleged that counsel was ineffective when he failed to inform Petitioner that the term "United States" in 18 U.S.C. § 5 is exclusively used in a territorial sense. (*Id.* at 5.) In ground III, Burnett alleged that he was denied due process by a court having competent subject matter jurisdiction. (*Id.* at 7.) In ground IV, Burnett alleged that his rights under Article I Section 8 Clauses 10 & 17 and Article IV Section 3 Clause 2 of the United States Constitution were violated. (*Id.* at 8.)

Burnett filed his motion beyond the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1), which calculates the limitations period from the date on which a petitioner's conviction becomes final after direct appeal or the time to appeal expires. Burnett submitted his motion within a year of the Supreme Court's decision in *Davis* and relied on *Davis* as a new rule of constitutional law under § 2255(f)(3).

On July 29, 2020, the Court issued an Order directing Burnett to show cause why grounds II, III, and IV of the motion should not be dismissed as untimely. (Civ. No. 20-7569, D.E. 4.) In a letter dated November 16, 2020, Burnett responded to the Court's Order, and sought to voluntarily dismiss all claims except ground I. (*See id.* at D.E. 5.) On December 6, 2020, the Court dismissed without prejudice grounds II, III, and IV, and directed the government to answer ground I. (*Id.* at D.E. 6.)

The government filed its answer on June 10, 2021. (*Id.* at D.E. 11.) On October 4, 2021, Burnett filed a reply brief. (*Id.* at D.E. 14.)

On December 1, 2023, Burnett filed supplemental papers arguing that he is also entitled to relief under *United States v. Taylor*, 142 S. Ct. 2015 (2022). The government did not respond, and the Clerk's Office has docketed Burnett's supplement as a motion (D.E. 18), which the Court

directs be terminated. Instead, in this opinion the Court considers Burnett's arguments that he is also entitled to relief under *Taylor*.

## II.    <u>STANDARD OF REVIEW</u>

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "The statute's language 'is somewhat lacking in precision' but 'afford[s] federal prisoners a remedy identical in scope to federal habeas corpus [under 28 U.S.C. § 2254].'" *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). "The scope of relief does not reach 'every asserted error of law.'" *Id.* (quoting *Davis*, 417 U.S. at 346). Instead, § 2255 provides relief for jurisdictional and constitutional claims, as well as limited types of nonconstitutional claims, such as sentencing errors that violate fair procedure or amount to a miscarriage of justice. *See id.* (citations omitted). A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Bentley*, 49 F.4th 275, 283 (3d Cir. 2022). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

As a "general rule . . . claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *Frady*, 456 U.S. at 167-68); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). "In the habeas context, [courts] allow a party to overcome their 'procedural default' if it

can show either cause and prejudice or actual innocence." *United States v. De Castro*, 49 F.4th 836, 847 (3d Cir. 2022).

## III.   **DISCUSSION**

### a.   **Burnett's § 924(c) Conviction is Still Valid**

Burnett argues that his § 924(c) conviction must be overturned because he was convicted of Hobbs Act conspiracy in Count 1, which no longer qualifies as a crime of violence after *Davis*, 139 S. Ct. at 2336 (holding that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" is void for vagueness).[1] In his supplemental filing, Burnett further argues that his § 924(c) conviction must be overturned based on *Taylor*, 142 S. Ct. at 2020 (holding that attempted Hobbs Act robbery does not satisfy the elements clause).

Section 924(c) punishes "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18

---

[1] On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591 (2015). *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review. *See Welch v. United States*, 578 U.S. 120 (2016). On April 17, 2018, the Supreme Court held that a similarly-worded provision of 18 U.S.C. § 16(b) was also unconstitutionally vague. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). On June 24, 2019, the Supreme Court held in *Davis* that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was also void for vagueness. *See Davis*, 139 S. Ct. at 2336.

The government argues that Burnett's claim is procedurally defaulted and barred from review absent a showing of cause and prejudice or actual innocence. *See United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003). The Court assumes that Burnett can establish cause to overcome the procedural default of his *Davis* claim. Courts in this circuit have determined that "it is at least plausible that the same rationale that supported the novelty exception for *Johnson* motions would support its application to *Davis* motions." *United States v. Scott*, 521 F. Supp. 3d 538, 545 (M.D. Pa.) (citing cases), appeal filed, No. 21-1539 (3d Cir. Mar. 22, 2021). Thus, it stands to reason that Burnett has established cause for failing to raise a vagueness challenge to Section 924(c)'s residual clause on direct review, because the state of the law at the time of his conviction, after *Johnson* and *Dimaya* but prior to *Davis*, did not offer a reasonable basis upon which to challenge the guilty plea. *See Reed v. Ross*, 468 U.S. 1, 17 (1984). At issue is whether Burnett can establish prejudice.

U.S.C. § 924(c)(1)(A). Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A)–(B). Courts refer to § 924(c)(3)(A) as the "elements clause" and § 924(c)(3)(B) as the "residual clause." After *Davis*, to qualify as a crime of violence, a predicate crime must satisfy the "elements clause" of § 924(c). Under that clause, a predicate must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). That inquiry asks whether the government must always "prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. In conducting this analysis, courts use the categorical approach and "look only to the statutory definitions'—i.e., the elements—of a defendant's offense, and not to the particular facts underlying [the offense]." *Descamps v. United States*, 570 U.S. 254, 261 (2013) (cleaned up).

To the extent Burnett argues that the predicate offense for his the § 924(c) offense is the Hobbs Act conspiracy in Count 1 of the Indictment, he is mistaken. The predicate offense for Burnett's § 924(c) conviction is Count 4 of the Indictment, a completed Hobbs Act robbery. Contrary to Burnett's arguments, *Taylor* does not hold that a completed Hobbs Act robbery is not a crime of violence under the elements clause. Indeed, in *United States v. Stoney*, 62 F.4th 108, 113-114 (3d Cir. 2023), decided on March 10, 2023, the Third Circuit held that *Taylor* "[did] not change our [pre-*Taylor*] position" that "completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)." *See id.* at 113-14; *see also United States v. Stevens*, 70 F.4th 653, 662 (3d Cir. 2023) (holding, as a matter of first impression, that "aiding and abetting a completed

Hobbs Act robbery qualifies as a crime violence under § 924(c)"). Therefore, under current Third Circuit precedent, a completed Hobbs Act robbery is still a valid predicate for a § 924(c) conviction.

Burnett also appears to object to the fact that his § 924(c) conviction is predicated on a dismissed count of the Indictment. In the Third Circuit, "it is well settled that, 'in a prosecution under [§ 924(c)], the Government must prove that the defendant committed a qualifying predicate offense . . . but it is not necessary that the defendant be separately charged with or convicted of such an offense.'" *United States v. Collazo*, 856 F. App'x 380, 383 (3d Cir. 2021) (cleaned up) (quoting *United States v. Lake*, 150 F.3d 269, 274-75 (3d Cir. 1998)). Indeed, a conviction under § 924(c) only requires "legally sufficient proof that the predicate crime of violence . . . was committed." *Johnson v. United States*, 779 F.3d 125, 130 (2d Cir. 2015). Courts looks to "the actual proffer, plea hearing, and other evidence in the record to determine if a qualifying predicate offense was committed." *Collazo*, 856 F. App'x. at 383 (explaining that "[t]he government has demonstrated, through the indictment, plea agreement, and plea colloquy, that Collazo committed Hobbs Act robbery"). Thus, as the government contends, Burnett's § 924(c) conviction remains valid so long as there is legally sufficient proof that he committed a Hobbs Act robbery.

Here, the Indictment, the plea agreement, and Burnett's plea colloquy demonstrate that he committed a completed Hobbs Act robbery on May 31, 2014 by robbing the Sheraton Hotel in or around Weehawken, New Jersey and discharging a firearm during that robbery. Those same documents also demonstrate that the completed Hobbs Act robbery charged in Count 4 is the predicate for Burnett's § 924(c) conviction in Count 5.

In sum, because a completed Hobbs Act robbery is still a valid predicate under § 924(c)'s elements clause and the completed Hobbs Act robbery in Count 4 is the predicate for Burnett's

conviction under § 924(c) in Count 5, his § 924(c) conviction remains valid. The Court denies relief on this claim.

### b. Burnett does not Meet the Standard for a Certificate of Appealability

The Court also denies a certificate of appealability ("COA"). A petitioner may not appeal a final order in a § 2255 proceeding unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28. U.S.C. § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch*, 578 U.S. at 127 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the Third Circuit, "[t]his showing 'is satisfied even if the claim is only debatably constitutional.'" *Clark v. United States*, 76 F.4th 206, 212 (3d Cir. 2023) (quoting *United States v. Doe*, 810 F.3d 132, 145 (3d Cir. 2015)). Here, reasonable jurists would not find it debatable that Burnett's § 924(c) conviction violates his constitutional rights, and the Court denies a certificate of appealability.

### IV.    <u>CONCLUSION</u>

For the reasons stated in this Opinion, the Court denies Burnett's amended motion and denies a certificate of appealability. An appropriate Order follows.

<u>*s/Katharine S. Hayden*</u>
KATHARINE S. HAYDEN
United States District Judge

DATED: May 16, 2024.

9